PER CURIAM.
This cause is before us on appeal from a workers’ compensation order finding the statute of limitations has run and is a bar to the claim for benefits. We reverse and remand for a hearing to determine whether fraud occurred in this case.
Section 440.19(l)(a), Florida Statutes (1970), acts as a statute of limitations barring compensation unless a claim is filed within two years after the date of the last compensation payment.
Here, claimant admitted he neither filed a claim nor received compensation benefits during the two years prior to May 3, 1983, the last date he filed a claim.
Claimant argued, pro se, at the hearing and in his brief that fraud on the part of the employer/carrier tolled the statute of limitations; thus, the deputy commissioner’s order must be reversed.
At the hearing, the deputy commissioner stated: “Racism and fraud are not recognized by the Courts as being reasons for tolling the Statute. On its face, what you’re saying, it’s not a valid, legal reason.” The deputy commissioner dismissed the claim with prejudice based on the statute of limitations.
We disagree with the deputy commissioner that a valid claim of fraud does not toll the statute of limitations. Accordingly, we reverse and remand for a hearing to determine whether a valid claim of fraud exists which would and should excuse the untimely claim. See Barnett Bank of Palm Beach County v. Estate of Leon Henry Read, Jr., 493 So. 447 (Fla.1986).
BOOTH, C.J., and MILLS and WENT-WORTH, JJ., concur.