495 So.2d 806 (1986)
Clarence HARRIS, Appellant,
v.
GAME AND FRESH WATER FISH COMMISSION, Appellee.
No. BI-242.
District Court of Appeal of Florida, First District.
September 25, 1986.
*807 Judith J. Dougherty, Tallahassee, for appellant.
Dan R. Stengle, General Counsel, Tallahassee, for appellee.
NIMMONS, Judge.
This is an administrative appeal from a final order of the Career Service Commission (Commission) affirming the Game and Fresh Water Fish Commission's (Agency) termination of appellant's employment. We reverse.
Appellant was employed by the Agency as a Mail Clerk II commencing in 1972. By letter dated December 2, 1983, the Agency informed appellant that it intended to dismiss him. On December 15, 1983, a predetermination conference was held. The following day, the Agency furnished appellant with another letter dismissing him because of an arrest and conviction for dog fighting and gambling in Georgia and for the alleged intentional falsification of his biweekly activity and leave record form dated November 4, 1983. The falsification related to two days in October 1983 for which appellant took 16 hours of sick leave.
Appellant appealed his dismissal to the Commission. At the hearing, it was disclosed that appellant's dismissal was based upon an investigation conducted by the Agency's internal investigator, David Swindell. Mr. Swindell testified that, in conducting the investigation, he interviewed *808 the chief investigator of a Georgia Sheriff's Office, an agent of the Georgia Bureau of Investigation, the trial judge who presided over appellant's case, and an investigator from the Tallahassee Police Department. Mr. Swindell further testified that he had reviewed the Georgia court documents. These documents were not offered into evidence.
Furthermore, it was established at the hearing that Swindell issued a memorandum to the Executive Director of the Agency setting forth the findings of his investigation, which indicated, essentially, that on October 8, 1983, the appellant had been arrested at the scene of a dog fight in Georgia and that he subsequently pled nolo contendere to charges of dog fighting and gambling. This memorandum was admitted into evidence without objection.
The Commission's final order affirmed the Agency's action. Appellant appeals from that order, contending that the order was based solely on hearsay evidence and should therefore be set aside. In administrative hearings, hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions. Section 120.58(1)(a), Florida Statutes (1983).[1]See also Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977); Campbell v. Central Florida Zoological Society, 432 So.2d 684 (Fla. 5th DCA 1983). An examination of the record in the present case reveals that the findings of the Commission were based solely on hearsay evidence and therefore must be set aside.
The Commission's findings that appellant had in fact been convicted of dog fighting and gambling and had falsified his time records were based upon Swindell's testimony and memorandum which, in turn, were based upon Swindell's discussions with the other persons indicated above and his review of the court documents which were not offered in evidence. Such evidence is hearsay and will not qualify as competent and substantial evidence under the above referred authorities.
The appellee argues that the investigator's report falls within the business records exception to the hearsay rule, and that the order is therefore not violative of the above authorities because the report would not be based entirely on hearsay.[2]
Assuming that appellee's reliance upon the business records exception can overcome the failure of the record on appeal to reflect the usual predicate[3] required by Section 90.803(6)(a), the fact remains that the report would still not fall within the exception because the relevant information contained in the report is itself *809 hearsay. The general rule is that a hearsay statement which includes another hearsay statement is admissible only when both statements conform to the requirements of a hearsay exception. Ehrhardt, Florida Evidence § 90.805, at 563 (2d ed. 1984); Van Zant v. State, 372 So.2d 502 (Fla. 1st DCA 1979). As pointed out by Professor Ehrhardt:
For example, if a business record includes a statement of a bystander to an accident, the bystander's statement is hearsay and not included within the business records exception because the statement was not made by a person with knowledge who was acting within the regular course of the business activity. Section 90.805, Florida Statutes (1983) restates the general rule and provides that hearsay within hearsay, i.e., the bystander's statement, is admissible if "each part of the combined statement conforms with an exception to the hearsay rule." Thus, the bystander's statement will be admissible if it is an excited utterance or a spontaneous declaration. Moreover, the business record must establish the necessary foundation for the hearsay exception in order for the second hearsay statement to be admitted.
(citations omitted), Ehrhardt, supra, at p. 563.
In the present case, the information contained in the investigator's report was hearsay. The investigator indicated in his report that his findings were based on his discussions with various persons associated with the appellant's arrest and conviction. Such information is hearsay and does not fall under any hearsay exception.[4] Thus, the material contained in the investigator's report could not be relied upon by the Commission to support it's findings.
The Commission further argues that because appellant did not contemporaneously object to the admissibility of the investigator's report, he cannot now be heard to complain on appeal. However, in view of the provision of Section 120.58(1),[5] such evidence was not inadmissible in an administrative forum. It follows that a party's failure to object to admissibility does not foreclose him from subsequently asserting, under that section, that such hearsay evidence was insufficient because there was no competent evidence introduced which the hearsay evidence could, in the language of the statute, "supplement or explain."
We, therefore, conclude that the Commission's order is not supported by competent substantial evidence and must be
REVERSED.
WENTWORTH, J., and WILLIS, BEN C., (Ret.) Associate Judge, concur.
NOTES
[1] Section 120.58(1)(a) provides in pertinent part:

120.58 Agency action; evidence, record and subpoenas.
(1) In agency proceedings for a rule or order:
(a) * * * Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions. * *
[2] Section 90.803(6)(a), Florida Statutes (1983) provides:

(6) Records of regularly conducted business activity. 
(a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the sources of information or other circumstances show lack of trustworthiness. The term "business" as used in this paragraph includes a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
[3] For example, it must be shown that the record was kept in the course of a regularly conducted business activity and that it was the regular practice of that business activity to make such reports. Such must ordinarily be established by the testimony of the custodian or other qualified witnesses.
[4] Although one part of the report  that part containing the statement that the appellant told the investigator that he was, in fact, arrested  may fall within the hearsay exception of admissions by a party, such statements fall short of furnishing the kind of non-hearsay evidence that would render competent the otherwise incompetent hearsay evidence under Section 120.58(1).
[5] See footnote 1, supra.