846 So.2d 1233 (2003)
Nathaniel REICHENBERG, Appellant,
v.
Melanie Christine DAVIS, etc., Appellee.
No. 5D02-2431.
District Court of Appeal of Florida, Fifth District.
June 6, 2003.
Christian F. Smith and Brett C. Kocijan, of Debs, Smith and Kocijan, P.A., Jacksonville, for Appellant.
Homer A.C. Bliss, Jacksonville, for Appellee.
TORPY, J.
In this paternity case, Appellant ("Father") petitioned the court to modify the final judgment to make him the primary residential parent of the parties' seven-year-old son. After hearing the evidence, the lower court denied the petition. Father raises several issues on appeal only one of which merits discussion.
During the trial, Father attempted to introduce reports of investigations that had been conducted by the Child Protection Team and the Department of Children and Families ("DCF"). The reports contained the results of witness interviews wherein allegations were made that the parties' seven-year-old son had been the victim of certain "sexual touching," perpetrated by Appellee's ("Mother's") eight-year-old stepdaughter. These allegations formed the primary basis for Father's request that custody be changed.
*1234 Father sought to introduce the two reports under the business records exception to the hearsay rule, section 90.803(6), Florida Statutes (2002). In the case of both documents, however, he failed to establish the predicate for their admission. As to the May 25, 2001, report of the Child Protection Team, the witness called by Father acknowledged that one or more pages of the multi-page document were missing. As to the report of the DCF, the witness subpoenaed by Father could not identify the report.
Furthermore, even if these authentication problems had been overcome, the reports were clearly not admissible over Mother's timely hearsay objections. The problem here is that, in both reports, the authors simply related the substance of what the witnesses had told the authors. These witness's statements, even though contained within the business records, do not fall within the exception, because they were not based upon the personal knowledge of an agent of the "business." Harris v. Game and Fresh Water Fish Com'n, 495 So.2d 806, 808 (Fla. 1st DCA 1986); Van Zant v. State, 372 So.2d 502 (Fla. 1st DCA 1979). To be admissible under these circumstances, the hearsay statements made to the authors must themselves fall within an exception to the hearsay rule. § 90.805, Fla. Stat. (2002); Harris, 495 So.2d at 809. Here, no exceptions apply.[1] For these same reasons, the documents would not have been admissible under the public records exception to the hearsay rule, section 90.803(8), Florida Statutes (2002). Lee v. Department of Health & Rehabilitative Services, 698 So.2d 1194 (Fla.1997). Therefore, we find that the trial court correctly excluded the documents.
Because the record of the DCF would not have been admissible even had the witness been able to identify it, Father's request for a continuance to secure the presence of the proper witness was appropriately denied.
The court has carefully reviewed the record as it relates to Appellant's other points on appeal and determined that they are without merit. Based upon the foregoing, the judgment of the trial court is affirmed.
Appellee's request for attorney's fees on appeal is denied because the request was made in her brief, rather than by separate motion. McCreary v. Florida Resid. Prop. & Cas. Joint Underwriting Ass'n., 758 So.2d 692 (Fla. 4th DCA 1999).
AFFIRMED.
THOMPSON, C.J., and PLEUS, J., concur.
NOTES
[1] The victim's statement was not admissible under section 90.803(23), Florida Statutes, because no showing was made that the victim was "unavailable." § 90.803(23)(a)2b, Fla. Stat. (2002). The perpetrator's alleged statement was not admissible under section 90.804(2)(c), Florida Statutes, for the same reason. § 90.804(1), Fla. Stat. (2002).