PER CURIAM.
S.A. appeals from a decision of the trial court adjudicating her two children dependent. We affirm.
S.A. was observed driving recklessly, i.e., driving into oncoming traffic and making turns across several lanes of traffic, on a major roadway in Tampa, Florida, as though she were trying to cause a serious accident. When stopped by Officer Hogue of the Tampa Police, S.A. stated that she was trying to kill herself.[1] The two children were also in the car. S.A. was taken to a local hospital, where she checked herself in for observation but was not immediately allowed to leave. The children were placed in a shelter on July 10, 2006 and thereafter placed in the custody of their father, who lives in Hialeah. S.A. has been hospitalized in the past for mental illness. A petition for dependency was filed on July 17, 2006.
At the adjudicatory trial on November 16, 2006, the Department of Children and Family Services (“DCFS”) moved to allow Officer Hogue to testify telephonically because he was on vacation and the Tampa Police Department refused to fly him to Miami for the trial. S.A., through counsel, objected to Officer Ho-gue’s testifying by telephone. Officer Ho-gue was allowed to testify by telephone, over S.A.’s objection.
Rule of Judicial Administration 2.530(d)(1) states: “A county or circuit court judge may, if all the parties consent, allow testimony to be taken through communication equipment.” (Emphasis added). Communication equipment includes a conference telephone such as was used in this case. Id. R. 2.530(a).
Under the rule, trial testimony can be taken by telephone only if all parties consent. S.A. objected. The objection should have been sustained. The court erred by allowing the officer to appear by telephone.
The next question is whether the error was harmless. We conclude that it was. This was a dependency proceeding decided by a preponderance of the evidence. Even if Officer Hogue had been excluded, we think that by a preponderance, the trial court would have entered the dependency order based on the other evidence in the case.
S.A.’s second issue on appeal is that the trial court allowed Dr. DiThomas-so, a psychologist, to testify at trial as to S.A.’s mental health when he was not listed as a witness. Dr. DiThomasso’s office had recently evaluated S.A. and the two children. He stated that S.A. suffered from major mental illness, provisionally diagnosed as bi-polar disorder. He also testified that S.A. did not understand the severity of her illness and this kept her from obtaining regular psychiatric care. Dr. DiThomasso also stated that without psychiatric treatment, S.A. could have another episode and if the children were with her they would be at risk of harm.
Under the applicable rules, S.A. had the right to be notified in advance of trial that DCFS would be calling Dr. DiThomasso to testify as to the results of the mental examination. See Fla. R. Juv. P. 8.245(b)(2)(A), (E). The trial court recognized that the objection was well taken. Counsel for S.A. indicated that she wanted *1068 to interview Dr. DiThomasso for twenty or thirty minutes before Dr. DiThomasso testified. After some discussion about whether to hear Dr. DiThomasso’s testimony the same day, or continue the hearing to a future date, it was agreed to proceed the same day. As requested, counsel for S.A. interviewed Dr. DiThomasso before he testified. Because the court granted the relief requested by S.A.’s counsel, we conclude that the failure to list the witness was cured.
For the above stated reasons, the adjudication of S.A.’s children as dependent is affirmed.

. S.A. later denied she told Officer Hogue that she was trying to kill herself.