WARNER, J.
 

 A father appeals a final judgment adjudicating his daughter a dependent. He claims that the court erred in admitting Maryland child welfare records involving his family as business records, as well as permitting the telephonic testimony of a Maryland social service witness without his consent. We agree that the records, which contained hearsay statements, were improperly admitted. Further, without the consent of both parties, the Maryland witness could not testify by telephone. Because so much of the trial court’s judgment relied on this evidence, we cannot find the errors to be harmless. We therefore reverse for a new hearing.
 

 The Department of Children and Families (“DCF”) sheltered M.S., the child, in April of 2008. Subsequent to the entry of a shelter order, DCF filed a petition for adjudication of dependency. At the hearing on the dependency, a DCF investigator testified that he originally took the child into shelter because he believed that the father could not protect the child from the mother whose erratic behavior placed the child at risk. The investigator’s decision to take protective measures was based in significant part on the correspondence with child protective services in Montgomery County, Maryland, where the family had lived prior to Florida. All the history of the inadequate care of the child came from Maryland.
 

 Over the objection of the father that the records should not be admitted as business records because they contained hearsay and were unreliable, the court admitted the records. Also over objection, a social worker with the Child Protective Services in Montgomery County, Maryland, testified by telephone regarding the Montgomery County contact with the family. She frequently referred to the reports in her testimony.
 

 Although there were other witnesses, in its final judgment the trial court relied in significant part on the evidence from the Maryland social service worker and the Maryland records in making its findings of fact and conclusions of law. The final judgment declared M.S. a dependent child as to the father. The father appeals, claiming that the court erred in admitting the Maryland evidence and witness.
 

 Rulings on the admissibility of evidence are reviewed for an abuse of discre
 
 *104
 
 tion as limited by the rules of evidence.
 
 Nardone v. State,
 
 798 So.2d 870, 874 (Fla. 4th DCA 2001).
 

 DCF sought to admit the Maryland social service records as a business record pursuant to section 90.803(6), Florida Statutes. Because the documents were records of a public agency, we think the appropriate ground to seek their admission was section 90.803(8), Florida Statutes, which is the hearsay exception for public records and reports. However, under either section the records were not admissible, because they contained inadmissible hearsay.
 

 In
 
 Brooks v. State,
 
 918 So.2d 181 (Fla.2005), the supreme court considered whether a Department of Revenue employee could testify to her note of a telephone call from a woman who was subsequently murdered. The state had sought to introduce the substance of the note as a business record through the witness’s testimony. The court held the testimony was inadmissible and explained the steps necessary to admit a business record:
 

 To be admissible as a business record, it must be shown that the record was (1) made at or near the time of the event recorded; (2) by or from information transmitted by a person with knowledge; (3) kept in the course of a regularly conducted business activity; and (4) that it was the regular practice of that business to make such a record.
 
 See Quinn v. State,
 
 662 So.2d 947, 953 (Fla. 5th DCA 1995); § 90.803(6)(a), Fla. Stat. (2002). To the extent the individual making the record does not have personal knowledge of the information contained therein, the second prong of the predicate requires the information to have been supplied by an individual who does have personal knowledge of the information and who was acting in the course of a regularly conducted business activity.
 
 See Quinn,
 
 662 So.2d at 953;
 
 Van Zant v. State,
 
 372 So.2d 502, 503 (Fla. 1st DCA 1979). If this predicate is not satisfied, then the information contained in the record is inadmissible hearsay, unless it falls within another exception to the hearsay rule.
 
 See Quinn,
 
 662 So.2d at 953-54;
 
 see also Hill v. State,
 
 549 So.2d 179, 181 (Fla.1989);
 
 Johnson v. Dep’t of Health & Rehab. Servs.,
 
 546 So.2d 741, 743 (Fla. 1st DCA 1989);
 
 Harris v. Game & Fresh Water Fish Comm’n,
 
 495 So.2d 806, 809 (Fla. 1st DCA 1986) (“The general rule is that a hearsay statement which includes another hearsay statement is admissible only when both statements conform to the requirements of a hearsay exception.”);
 
 Van Zant,
 
 372 So.2d at 503.
 

 Id.
 
 at 193. The court concluded that the business record exception did not permit the introduction of the employee’s testimony regarding the content of the note of the phone call, because the information contained in the note came from the individual making the call and thus was not within the employee’s knowledge.
 

 Similarly, in
 
 Reichenberg v. Davis,
 
 846 So.2d 1233 (Fla. 5th DCA 2003), the court held that records of DCF could not be admitted into evidence as a business record because the records contained witness statements made to investigators, the substance of which was not within the personal knowledge of the agency employee. On the same rationale, the records could not be admitted as a public record under section 90.803(8).
 
 See Lee v. Dep’t of Health & Rehab. Servs.,
 
 698 So.2d 1194, 1200-01 (Fla.1997).
 
 See also Carter v. State,
 
 951 So.2d 939, 943 (Fla. 4th DCA 2007).
 

 The records in this case consisted mostly of inadmissible hearsay statements from unknown persons in Maryland. The court erred in admitting them as a business record.
 

 The court also erred in permitting the Maryland social worker to testify by
 
 *105
 
 telephone. Pursuant to Florida Rule of Judicial Administration 2.530(d)(1), “[a] county or circuit court judge may, if all the parties consent, allow testimony to be taken through communication equipment.” Although the trial court thought that it should have some discretion under this rale, there is no such discretion.
 
 See S.A. v. Dep’t of Children & Family Servs.,
 
 961 So.2d 1066, 1067 (Fla. 3d DCA 2007) (“Under the rule, trial testimony can be taken by telephone only if all parties consent. S.A. objected. The objection should have been sustained. The court erred by allowing the officer to appear by telephone.”). Because the father did not consent, the court erred in admitting the social worker’s testimony.
 
 [1]
 

 These two errors were not harmless. The trial court relied heavily on the Maryland social worker’s testimony and the Maryland records in making its determinations. We thus reverse and remand for a new hearing consistent with this opinion. We decline to address in further detail the father’s claim that the evidence was insufficient, because the sufficiency of the evidence depends in considerable part on the Maryland evidence, which was inadmissible in this proceeding.
 

 Reversed and remanded for further proceedings.
 

 STEVENSON and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . The substance of this rule has not been revisited recently. With the advent of video conference capabilities, in which the participants may both see and hear persons in faraway places, the general objection on confrontation grounds may be ameliorated. Certainly, it would save considerable cost to the state in proceedings such as these to allow testimony to be presented in this manner as opposed to flying a witness in from across the country. We suggest that the Rules of Judicial Administration Committee review and update this rule.