WALLACE, Judge.
R.K. (the Father) appeals a supplemental order adjudicating his three minor children to be dependent. The Father argues that the trial court erred in overruling his objections to inadmissible hearsay evidence. He also contends that the order and the admissible evidence were legally insufficient to support the adjudication. The Department of Children and Family Services (the Department) properly concedes error with regard to the admission of the hearsay testimony and requests that we reverse the order and remand for further proceedings. However, the Guardian ad Litem Program (the GALP) contends that the Father either invited or failed to preserve the alleged errors for review. The GALP urges affirmance of the order on appeal. We agree with the Father and the Department that the subject order must be reversed because of the trial court’s reliance on inadmissible hearsay evidence to find the children dependent as to the Father. Accordingly, we reverse *861 the supplemental order adjudicating the three children dependent as to the Father and remand for further proceedings.
The Department filed a petition for dependency against the Father and his wife, K.S. (the Mother). In the petition, the Department alleged that the Father and the Mother had abused, abandoned, and neglected their three minor children, R.K., C.K., and R.K., Jr. At the time of the incident that gave rise to the Department’s involvement, R.K. was twelve years old, C.K. was ten, and R.K., Jr., was two. The Mother consented to the adjudication of dependency, but the Father contested the petition.
The Department has the burden of proving a child’s state of dependency by a preponderance of the evidence. § 39.507(1)(b), Fla. Stat. (2009); see M.C. v. Dep’t of Children & Family Servs., 940 So.2d 571, 572 (Fla. 2d DCA 2006). “A court’s final ruling of dependency is a mixed question of law and fact and will be sustained on review if the court applied the correct law and its ruling is supported by competent substantial evidence in the record.” Id. at 572-78 (quoting R.F. v. Fla. Dep’t of Children & Families, 770 So.2d 1189, 1192 (Fla.2000)).
Here, the trial court’s order reflects that it adjudicated the children dependent based upon the Father’s reported abuse of R.K. on June 24, 2009. The description of the incident in the trial court’s order is based upon the Mother’s report to Britni Pike, the child protective investigator, in which the Mother stated that she and the Father argued about R.K.’s failure to care for the family dog. The Mother and the Father became physical with one another and pushed some furniture around the family home. Then the Father locked the windows, blocked the exits, and tried to disable the televisions. The Father snatched a cable wire from the children’s television. During this process, the cable wire hit R.K. and she began crying. There was a welt on R.K.’s arm. The Mother took the children to the police station to report the incident. According to Ms. Pike, the Mother reported to the police that the Father intentionally hit R.K. with the cable wire. But the Mother told Ms. Pike that she did not actually see the incident.
The order also notes that Ms. Pike reported that R.K. and C.K. stated that the Father punished R.K. more harshly than the two younger children. They also reported that the Father and the Mother “frequently argue and push the furniture around.” The Father admitted to. treating R.K. differently than the two younger children. The Father denied causing the welt on R.K.’s arm. The order states that on June 29, 2009, during the course of the investigation, R.K. threatened to commit suicide “because of all the stress in the house” and was hospitalized.
The trial court also based its dependency determination on its conclusion that the Father had neglected the children. The finding of neglect was predicated on the court’s findings that (1) the Father engaged in or permitted incidents of domestic violence to occur in the presence or proximity of the children and (2) the Father has a mental health disorder which can cause harm or risk of harm to the children. The only findings in the order with respect to the Father’s mental health disorder are that during a follow-up telephone conversation with the child protective investigator, the Father “threatened to blow his brains out.” As a result, the investigator sent the Father to a crisis center. The Father denied being bipolar but testified that he has Antisocial Personality Disorder (ASPD) for which “there are no therapeutic interventions to monitor or minimize the impact of the disorder.” The *862 trial court summarized the situation as follows:
The father’s volatile temper and admitted harsher treatment toward [R.K.] pose a continuing risk of harm to the children. The mother’s attempt to minimize the ongoing domestic violence and her statements regarding [R.K’s] injury indicate an inability or refusal to appreciate the severity of the situation and the impact on the children. The degree of stress in the household, and the emotional toll it has taken on the children, jeopardizes their stability and wellbeing.
Notwithstanding the trial court’s detailed findings, we reverse the order of dependency with regard to the Father because, as the Department properly concedes, virtually all of the evidence that the trial court relied on for its findings was inadmissible hearsay. Although the Mother was present at the hearing, she did not testify. The Father’s counsel objected repeatedly to the admission of multiple out-of-court statements made by the Mother and R.K., which objections the trial court generally overruled. The hearsay evidence presented at the hearing was so pervasive that the trial court eventually granted the Father a standing objection to testimony concerning the out-of-court statements by the Mother and R.K.
The trial court improperly admitted the Mother’s out-of-court statements to Ms. Pike and Officer Wilma Tindell about the cable wire incident and prior domestic violence. While these statements would have been admissible at a joint dependency hearing against the Mother and the Father, the Mother had already consented to the adjudication of dependency as to her and that issue was not before the trial court. See C.A. v. Dep’t of Children & Families, 958 So.2d 554, 557 (Fla. 4th DCA 2007). The Mother’s hearsay statements were not admissible against the Father because he did not make them and he did not manifest an adoption or belief in them or authorize the Mother to make them on his behalf. See § 90.803(18)(a)-(c), Fla. Stat. (2009); see also C.A., 958 So.2d at 556-57.
Unlike the Mother, R.K. did testify at trial. In her trial testimony, R.K. recanted her prior statements that the Father had struck her intentionally. However, Ms. Pike’s and Officer Tindell’s testimony that R.K. previously stated that the Father intentionally struck her were improperly admitted as substantive evidence. Although R.K.’s prior statements to that effect were inconsistent with her trial testimony, the evidence at trial did not reflect that R.K’s prior statements were sworn or otherwise met the requirements of section 90.801(2)(a). And the requirements for the admission of R.K’s statements as the out-of-court statements of a child victim under section 90.803(23) were not met. Therefore R.K.’s statements were not admissible as substantive evidence and could only be used for impeachment. See L.R. v. Dep’t of Children & Family Servs., 947 So.2d 1240, 1244 (Fla. 2d DCA 2007) (citing § 90.801(2) and Smith v. State, 880 So.2d 730, 735 (Fla. 2d DCA 2004)).
C.K. did not testify at trial, and the Department did not satisfy the requirements of section 90.803(23) for the admission of C.K.’s statements as the out-of-court statements of a child victim. Thus the trial court improperly admitted C.K.’s out-of-court statements to Ms. Pike that the Father treated R.K. differently and that the parents argued and pushed furniture around the family home.[1]
*863 R.K. and the Father provided the only admissible substantive evidence about the underlying incident. Contrary to the Department’s allegations, R.K. testified that the Father did not intentionally strike her. When the Department impeached R.K. with her earlier statement to Officer Tin-dell, R.K. explained that she made the statement to the officer because she was mad at the Father. R.K. also testified that on another occasion the Father threw a spatula. The spatula hit the wall and ricocheted, striking R.K. accidentally. R.K. was not injured by the glancing blow from the spatula.
The Father testified that he believed R.K. inflicted the welt injury on herself. He admitted that on another occasion he kicked the couch and the Mother hit the couch, but the children were not present. Concerning the spatula incident, the Father recalled throwing something, but he did not target R.K. The Father acknowledged that he and the Mother disagreed about how to punish the children. The Father stated that he punished the children according to what was appropriate for their ages. When asked about R.K’s hospitalization, the Father said that he thought R.K. felt guilty for lying about the cable wire incident.
The Father also testified that he had been diagnosed with ASPD twelve years earlier. He testified that he was not currently under any treatment for this disorder and that there was no medication for it. The only treatment is to “learn from your mistakes, learn from other people, talk to other people, and better yourself.” The Father acknowledged that he speaks loudly and that he needs to moderate the tone of his voice. The Father testified that he works every day on becoming a better person.
Most of the evidence presented at the hearing was inadmissible hearsay to which the Father made repeated and timely objections. To the extent that the evidence was admissible, it was insufficient to establish the trial court’s findings by a preponderance of the evidence. Accordingly, we must reverse the trial court’s order and remand for further proceedings.
Before concluding, we consider the GALP’s argument. At the close of the Department’s case, the Father’s counsel stated, “Judge, just in all fairness, I think the Department has at least put on a prima facie case for a finding of dependency so I’m not going to move for a directed verdict at this time.” Based on counsel’s candid remark about the state of the evidence in the record at the close of the Department’s case, the GALP argues that the Father waived any argument or invited error with respect to the sufficiency of the Department’s evidence to support an adjudication of dependency. We disagree with the GALP’s argument that by acknowledging that the evidence that had been admitted — properly or not — was sufficient to establish a basis for dependency, the Father waived his prior objections to the admissibility of the hearsay evidence or invited error in that regard.
For these reasons, we reverse the supplemental order of adjudication as to the Father and remand for further proceedings.
Reversed and remanded for further proceedings.
WHATLEY and SILBERMAN, JJ., Concur.

. Notably, the evidence at trial reflected that C.K. was at school when the underlying incident occurred. R.K., Jr., was on the couch in another room when R.K. was allegedly struck with the cable wire.