PER CURIAM.
 

 D.S., the father of H.S., a minor child, appeals the trial court’s order placing the child in permanent guardianship and terminating protective supervision, and denying his motion for reunification. The father raises six issues on appeal, one of which is dispositive. Because the trial court’s order impermissibly relied upon inadmissible hearsay evidence, we reverse and remand for further proceedings.
 

 The child was originally placed under the protective supervision of the Department of Children and Families (Department) in the temporary custody of a relative in the Fall of 2005, which ultimately led to long term relative care. At that time, the father was incarcerated and the basis for dependency was the mother’s drug use in the child’s presence and hazardous living conditions. Since then, the father was released from prison and entered into a case plan with the Department with the goal of reunification.
 

 On February 5, 2010, the Department moved to terminate protective supervision and place the child in permanent guardianship. Before the court held a hearing on the Department’s motion, the father filed a motion for reunification. On March 11, 2010, the court held a hearing on both motions. Over the father’s objection, the court admitted hearsay evidence during the hearing. The child’s temporary guardian testified regarding statements purportedly made by the child concerning observations of alcohol use by her father and altercations between her father and his girlfriend. The child did not testify. No other competent evidence was presented during the hearing with regard to either the father’s purported alcohol use or altercations with his girlfriend in the child’s presence. At the conclusion of the hearing, the trial court denied the father’s motion for reunification and granted the Department’s motion to place the child in a permanent guardianship and terminate protective supervision. In the written order granting the Department’s motion, the trial court included the hearsay evidence as a basis for its ruling.
 

 On appeal, the Department and the Guardian ad Litem Program properly concede error. The trial court’s order incor
 
 *867
 
 rectly relied upon inadmissible hearsay evidence.
 
 See e.g., R.K. v. Dep’t of Children & Family Servs.,
 
 38 So.3d 859, 860 (Fla. 2d DCA 2010);
 
 A.M. v. Dep’t of Children & Family Servs.,
 
 8 So.3d 1289, 1289 (Fla. 2d DCA 2009);
 
 M.S. v. Dep’t of Children & Families,
 
 6 So.3d 102, 103 (Fla. 4th DCA 2009). After a review of the record, we conclude this error was not harmless.
 
 See M.S.,
 
 6 So.3d at 105. Accordingly, we reverse and remand for the trial court to conduct further proceedings on both motions — the Department’s Motion to Terminate Protective Supervision and Place the Minor Child in Permanent Guardianship and the Father’s Motion for Reunification.
 

 REVERSED and REMANDED for further proceedings.
 

 BENTON, THOMAS, and ROWE, JJ, concur.