PER CURIAM.
The father appeals the denial of his motion to vacate the final judgment terminating his parental rights to his child. The final judgment was entered based upon the father’s constructive consent due to his failure to appear at the adjudicatory hearing on the petition to terminate rights. Although notified of the necessity of his personal appearance at the hearing on the motion to vacate, the father failed to appear again. The trial court denied his request to testify telephonically when the Department of Children and Families objected. In so ruling, the trial court was correct, as Florida Rule of Judicial Administration 2.530(d) does not allow testimony by telephone unless both parties consent. See M.S. v. Dep’t of Children & Families, 6 So.3d 102, 104-05 (Fla. 4th DCA 2009). The father’s constitutional challenge to the rule, which is an as-applied challenge, was not raised in the trial court. Therefore, it is not preserved for appeal. Fla. Dep’t of Fin. Servs, v. Freeman, 921 So.2d 598, 602 (Fla.2006). The father’s claim that the trial court relied on the Department’s proffer of testimony, instead of sworn testimony, in denying his motion is not supported by the record. The trial court denied the motion because the father did not appear at the hearing, as ordered by the trial court at calendar call, not based upon the proffer by the Department. Without testimony from the father regarding his claims in the motion to vacate, there was no evidence to support his request.[1]

Affirmed.

WARNER, HAZOURI and CIKLIN, JJ., concur.

. The father’s brief makes repeated claims that the trial court used Florida Rule of Judicial Administration 2.530(d) to prevent the father from attending and defending at the trial on termination of parental rights, which is incorrect. The father did not appear either at the adjudicatory hearing or at the manifest best interest hearing. He made no claim or request to appear at either of those hearings by telephone. His only request to testify by telephone was made when he did not personally appear at the hearing on his motion to vacate.