PER CURIAM.
This case arises out of a termination of parental rights and dependency proceeding involving nine children, three fathers, and two mothers. The appellants, A.J. and L.J., are the father and mother, respectively, of two boys, J.J., born in 2004, and J.L.J., born in 2005. The mother also has two sons with other fathers. These sons are M.D., born in 1996, and G.D., born in 2003. Five children the father had with his first wife were the subject of another appeal. See A.J. v. DCF, 97 So.3d 985 (Fla. 4th DCA 2012).
In September of 2010, the Department of Children and Families (DCF) filed a shelter petition followed by a dependency petition regarding all nine children, based on the father’s alleged sexual abuse of two of his daughters (the current children’s half-siblings) and the mother’s participation in the abuse and/or failure to protect her stepdaughters. About a month later, DCF filed a Petition for Termination of Parental Rights (TPR), as to J.J. and J.L.J. against the mother and the father. As to the mother, the petition relied on section 39.806(l)(f), Florida Statutes (2010), which provides for termination of parental rights based on egregious conduct to a child or a child’s sibling. As to the father, the petition relied on section 39.806(l)(g), Florida Statutes (2010), and alleged that the father sexually abused two of his daughters. DCF also filed a TPR petition against the mother as to M.D. and G.D. This petition was also based on section 39.806(l)(f). After an adjudicatory hearing, the court terminated the father’s parental rights to J.J. and J.L.J.[1], and terminated the mother’s parental rights to all four boys. The parents appeal the order and the appeals have been consolidated.
The parents present the same issues on appeal: whether there was eompe- *1214 tent substantial evidence to support the court’s finding that the sexual abuse occurred, and whether DCF demonstrated a substantial risk of significant harm to J.J., J.L.J., M.D., and G.D., based on abuse of their half-siblings, such that termination was the least restrictive means of protecting the children. The mother also raises issues regarding evidentiary rulings. We have reviewed the record and find that there was sufficient evidence that sexual abuse, as defined in section 39.01(67), Florida Statutes (2010), occurred. However, we agree with the parents that DCF did not present sufficient evidence that under the totality of the circumstances, the boys involved in the instant case were harmed or at risk of harm. Accordingly, we reverse.
In termination of parental rights cases, the trial court “must find by clear and convincing evidence that one of the grounds set forth in 39.806, Florida Statutes, has been proven.” D.G. v. Dep’t of Children and Families, 77 So.3d 201, 206 (Fla. 4th DCA 2011) (citations omitted). Further, “the court must determine what outcome is in the manifest best interest of the children.” Id. DCF must also demonstrate that termination is the least restrictive means of protecting the child from harm.” Id. On appeal, if “ ‘upon the pleadings and evidence before the trial court, there is any theory or principle of law which would support the trial court’s judgment in favor of terminating ... parental rights’ ”, this court must affirm. Id. at 207 (citation omitted). Termination of parental rights to one child based on abuse of another child must be based “on the totality of the circumstances surrounding the current petition.” Fla. Dep’t of Children and Families v. F.L., 880 So.2d 602, 611 (Fla.2004) (citing Padgett v. Dep’t of Health and Rehab. Servs., 577 So.2d 565 (Fla.1991)). See also In re M.F., 770 So.2d 1189 (Fla.2000) (holding that finding of dependency may not be based solely on parent’s sex act on sibling, and that court must consider all circumstances surrounding the current petition); J.J. v. Dep’t of Children and Families, 994 So.2d 496 (Fla. 4th DCA 2008) (noting that in order to terminate parental rights based on egregious abuse of a sibling, DCF must show the current child is at substantial risk of significant harm if reunited with the parent).
In the instant case, the evidence did not reflect that any of the boys had been abused, had witnessed the abuse, or had spoken about the abuse. Of the four boys involved in these appeals, only M.D. testified, and he stated that he was never mistreated or sexually abused, and that he never witnessed or knew about any inappropriate touching in the home. The evidence revealed that the younger boys had behavioral issues, but DCF did not demonstrate that the issues had anything to do with the abuse of the siblings. Instead, the testimony at trial indicated the issues may have existed prior to the abuse of the siblings, that the mother sought therapy for the children, and that some of the issues may have arisen in response to the boys being removed from their home and then moved from a caregiver to a foster home. During questioning of the therapist, the mother’s attorney attempted to shed light on the circumstances surrounding the boys’ referral to therapy by their mother, but the court inexplicably found the questioning irrelevant. Further, the court erroneously relied in large part on hearsay accounts regarding one of the younger boys and one of the father’s daughters acting out sexually. See M.S. v. Dep’t of Children and Families, 6 So.3d 102 (Fla. 4th DCA 2009) (reversing adjudication of dependency where trial court relied heavily on inadmissible evidence, including out of state child welfare records containing hearsay statements which did not meet business records exception).
*1215 We find that on this record, there was not competent substantial evidence supporting the court’s finding that there was clear and convincing evidence of substantial risk of significant harm to the boys. We are also troubled by the court’s findings that the parents could not provide the children with necessities. There was no testimony establishing the parents’ financial situation, and there was no evidence that the parents could not in fact provide for their children. Finally, we note that the court based its order in part on the parents’ refusal to admit to the allegations. This was improper. See J.J. v. Dep’t of Children & Families, 994 So.2d at 502 (citation omitted).
 Because DCF did not establish that under the totality of the circumstances, the boys were harmed or were at a risk of harm based on the abuse of their siblings, the court also erred in finding that termination was the least restrictive means of protecting the boys.[2] We reverse and remand for further dependency proceedings. See J.J. v. Dep’t of Children and Families, 994 So.2d 496 (Fla. 4th DCA 2008) (reversing order of termination and remanding for continuation of children’s dependency status, development of case plan, and further proceedings).

Reversed and remanded for further proceedings.

HAZOURI, DAMOORGIAN and CIKLIN, JJ., concur.

. The order also terminated the father’s parental rights to his five children with his first wife; the father’s appeal of that portion of the order was not consolidated with these appeals. This court affirmed the termination of rights as to the daughters, but reversed as to the sons. See A.J. v. DCF, 97 So.3d 985 (Fla. 4th DCA 2012).

. DCF is not required to offer a case plan with the goal of reunification in termination cases. See § 39.802(5), Fla. Stat. (2010). Further, "[rjeasonable efforts to preserve and reunify families are not required if a court of competent jurisdiction has determined that any of the events described in paragraphs (l)(e)-(Z) have occurred.” § 39.806(2), Fla. Stat. (2010). However, in prospective abuse cases, "DCF must still present clear and convincing evidence that termination is the least restrictive means to protect the child from harm.” D.O. v. S.M., 981 So.2d 11, 18 (Fla. 4th DCA 2007). "In determining whether termination of a parent’s rights is the least restrictive means of protecting the. child, the trial court must consider the totality of the circumstances.” Id. at 19. In some termination cases, a case plan is the least restrictive means to protect the children. See e.g. J.J. v. Dep’t of Children and Families, 994 So.2d 496 (Fla. 4th DCA 2008) (where five years had passed since mother’s rights to siblings had been terminated based on egregious conduct/physical abuse, and mother had since voluntarily sought services, it was error for court to terminate mother’s rights to infant twins where DCF failed to offer mother opportunity to prove her capacity to care for the children by offering a case plan or obtaining a psychological evaluation).