[.THAXTON, J.
This is an appeal from a judgment by the district court in which the comparative negligence of the parties involved in an automobile accident was assessed 80% to the appellant and 20% to the appellee. For the following reasons, we affirm the judgment of the trial court.
Background
This case arises out of an automobile accident that occurred on September 8, 1997, on Thompson Road in Terrebonne Parish. As Brenekie Thomas was traveling east on Thompson Road, there were two vehicles following her. The last of those vehicles was being driven by Spencer L. Duplantis. As Ms. Thomas approached a private drive, she slowed to make a left turn and engaged her left turn signal. At the same time, Mr. Duplantis attempted to pass the two vehicles in front of him. Mr. Duplantis’ vehicle struck the side of Ms. Thomas’ vehicle as she made her left turn.
Ms. Thomas filed suit seeking damages for her injuries, alleging Mr. Duplantis’ fault in causing the accident. Mr. Duplan-tis alleged Ms. Thomas’ fault had caused the accident, and alternatively, that her comparative fault should reduce any damages she might be awarded. The trial court awarded Ms. Thomas $8,295.58 in damages, and apportioned fault 80% to Mr. Duplantis and 20% to Ms. Thomas. Mr. Duplantis and his automobile liability insurer have appealed only the apportionment of comparative negligence.
Standard of Review
Our law is well settled that an appellate court may not overturn a trial court’s findings of fact absent manifest error or unless they are clearly wrong. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993). The appellate court must review the trial court’s findings to determine whether the trial court’s findings of fact are reasonable in light of the record reviewed in its entirety, regardless of whether the court of appeal may have weighed the evidence differently. Id. The allocation of fault is a factual determination which is subject to the manifest error standard of review. Clement v. Frey, 95-1119, 95-1163 (La.1/16/96), 666 So.2d 607, 610.
Law and Discussion
Appellants raise three assignments of error with regard to the trial judge’s findings of fact:
la(l) that Mr. Duplantis attempted to pass three vehicles;
(2) that Mr. Duplantis was confronted with oncoming traffic at the time of the accident; and,
*1239 (3) concerning the apportionment of comparative fault.

Assignments of Error 1 and 2:

After the conclusion of the trial, the trial judge explained his findings of fact and reasons for judgment. In doing so, he stated, in part:
[T]he court finds that Mr. Duplantis’ negligence contributed to the extent of 80 percent. He attempted to pass not one, but three vehicles, on a heavily traveled two-way street in a busy industrial area. Somehow or other, and it’s not exactly clear, his foot and/or the floor mat and/or the brake pedal somehow became stuck in such a way as to limit his ability to control his vehicle and/or limit his attention and distract him. He exceeded the posted speed limit.
I did not hear any testimony that he sounded his horn. He doesn’t have to sound his horn, but the Court can consider that in determining whether or not he’s negligent. I am sure if he’d said he sounded his horn, he would have said so.
He did not return to his normal lane of travel when confronted with oncoming traffic, (emphasis added).
At trial, Mr. Duplantis testified that pri- or to the accident, he was traveling east on Thompson Road toward Highway 57. Thompson Road is a two-lane highway with entrances to commercial businesses on both sides. Traveling the speed limit of 35 mph, Mr. Duplantis noticed two vehicles in front of him, approximately three to four car lengths apart. As he began to catch up with those two vehicles, he attempted to slow down, but his foot got caught between the brake pedal and the floor mat. As a result, he decided to accelerate and pass the first of the two vehicles in front of him.
As Mr. Duplantis was passing the vehicle directly in front of him, and while he was still in the oncoming lane of traffic, he noticed a vehicle some distance ahead of him which was stopped at the intersection of Denley Road and Thompson Road. This third vehicle was facing south and apparently waiting to turn onto Thompson Road. Even though he had seen the vehicle stopped on the side street ahead of him, he continued in the oncoming lane of travel. At about this time, Mr. Duplantis was able to free his foot from underneath the brake pedal. Mr. Duplantis watched as the vehicle stopped on Denley, turned left, and proceeded east on Thompson ahead of Ms. Thomas and Mr. | ¿Duplantis. But while this was occurring, Ms. Thomas engaged her left turn signal and began making her left turn. Mr. Duplantis, still traveling in the westbound lane, saw Ms. Thomas’ brake lights, applied his brakes, and collided with the driver’s side of Ms. Thomas’ vehicle near the left rear tire.
There is no question from the record that only two vehicles were directly in front of Mr. Duplantis as he entered the oncoming lane of traffic to begin passing them. However, there was a third vehicle to be considered, the one stopped on Den-ley. Mr. Duplantis himself testified that he was confronted with having to consider what action this vehicle might take. This vehicle might well have turned right, directly into Mr. Duplantis’ path, and even though faced with this possibility, Mr. Du-plantis failed to return to his lane of travel.
The trial court’s recounting of this testimony as either a “third” vehicle which Mr. Duplantis was passing or as “oncoming traffic” formed only a part of the judge’s analysis in apportioning comparative fault. Even removing these findings of fact from consideration, there is more than adequate evidence to support the conclusion by the trial court that each of the drivers was at fault in causing or contributing to the accident, and that an apportionment of comparative fault was appropriate.

Assignment of Error 3:

The third assignment of error is the trial court’s apportionment of comparative negligence. In determining percentages of fault, the trier of fact must consid *1240 er both the nature of the conduct of all parties and the extent of the causal relationship between the conduct and the damages claimed. The factors that may influence the degree of fault assigned include: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances that might require the actor to proceed in haste without proper thought. Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967, 974 (La.1985).
It is apparent from the trial court’s oral reasons for judgment given at the conclusion of the trial that each of these factors was considered in his assessment and apportionment of comparative negligence. The trial judge found Ms. Thomas’ version of the accident more credible than Mr. Duplantis’, and specifically found that Ms. Thomas had looked in her rearview mirror before beginning her left turn.
1 ¡/While finding Ms. Thomas’ failure to see that Mr. Duplantis was attempting to pass on her left was negligence on her part, the trial judge determined that Mr. Duplantis should be assessed with the lion’s share of fault. The trial court recounted that Mr. Duplantis was engaged in a dangerous maneuver to be executed only with great care; he was passing more than one vehicle on a heavily traveled two-lane street in a busy industrial area, was distracted, and exceeded the posted speed limit.
The trial court apportioned 80% of the fault to Mr. Duplantis, and the balance to Ms. Thomas. The trier of fact is owed great deference in its allocation of fault. Dupree v. City of New Orleans, 99-3651 (La.9/1/00), 765 So.2d 1002, 1015. Based on the record presented, we find no error in the trial court’s apportionment of fault among the parties involved.
Conclusion
Based on the foregoing, the judgment of the trial court apportioning comparative negligence 80% to Mr. Duplantis and 20% to Ms. Thomas, is affirmed. All costs of this appeal are assessed against appellant.
AFFIRMED.
GUIDRY, J., concurs in the result.