846 So.2d 1224 (2003)
Arlis R. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4259.
District Court of Appeal of Florida, Second District.
June 6, 2003.
*1225 SILBERMAN, Judge.
Arlis R. Jones appeals the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion two of the six claims Jones raised in his motion. We reverse the trial court's summary denial of the remaining four claims and remand for further proceedings.
In the first of these four claims, Jones contended that his counsel was ineffective for stipulating to a factual basis for sexual battery when none existed. See Koenig v. State, 597 So.2d 256, 258 (Fla. 1992) (noting that counsel's stipulation to a factual basis for the plea is insufficient if there are no supporting facts in the record); State v. Pelham, 737 So.2d 572, 573 (Fla. 1st DCA 1999) (same). Jones asserted that if his counsel had not stipulated to the factual basis, the State would have been unable to present a sufficient factual basis to support the charge and the trial court would have discharged Jones or would have rejected the plea. Because the portion of the record attached to the order does not contain a factual basis for sexual battery, but only counsel's stipulation that there was a factual basis, we reverse and remand for the trial court to attach additional portions of the record that adequately refute Jones' claim or, if that is not possible, for an evidentiary hearing.
In the second claim, Jones contended that his counsel was ineffective for failing to object to a double jeopardy violation by the State. He argued that the State improperly charged him with more than *1226 one crime when the criminal acts occurred during the "same time period" and the "same criminal episode." See Morman v. State, 811 So.2d 714, 717 (Fla. 2d DCA 2002); Russo v. State, 804 So.2d 419 (Fla. 4th DCA 2001). He claimed that because his counsel did not advise him of the double jeopardy violation, his plea was involuntary; had he been properly advised, he would not have pleaded no contest.
Whether multiple offenses arise from the "same criminal episode" depends on: (1) whether separate victims are involved, (2) whether the crime locations are separate, and (3) whether a temporal break separates the incidents. Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001). Here, the victim was the same, the crime locations were the same, and Jones argues the incident was one continuous domestic argument beginning in the late evening and ending early the next morning. It is not clear whether a temporal break separated the battery charged in count one and the sexual battery charged in count two because the portions of the record that were attached to the trial court's order do not include the factual basis for the charges. Because the attachments do not refute this claim, we reverse and remand for the trial court to attach additional portions of the record that conclusively refute the claim, or if that is not possible, for an evidentiary hearing.
In the third claim, Jones contended that his counsel was ineffective for inducing him to accept the plea bargain without telling him that consent is a defense to a sexual battery charge. He claimed that he told counsel that his wife had consented to his sexual advances and that he would have proceeded to trial had his counsel advised him of the availability of the defense. In order for a trial court to summarily deny a defendant's claim that his counsel failed to advise him of a specific defense, the record must conclusively refute the claim. Flores v. State, 662 So.2d 1350, 1351-52 (Fla. 2d DCA 1995).
In this case, the transcript of the plea colloquy attached to the order shows Jones answered "yes" when the trial court asked him if he was satisfied with his attorney. This alone does not refute an ineffective assistance of counsel claim based on the attorney's failure to advise of a specific defense because Jones alleged that his satisfaction with counsel was uninformed. See Scott v. State, 779 So.2d 284, 285 (Fla. 2d DCA 1998). The transcript shows that the trial court neither asked Jones specifically whether his attorney had discussed consent as a defense, nor asked him generally whether his attorney had discussed possible defenses with him. Because the matter at issue was not discussed when the plea was taken, the plea colloquy does not refute the claim, and an evidentiary hearing is necessary. See State v. Leroux, 689 So.2d 235, 237-38 (Fla.1996).
The fourth and final claim upon which we reverse is Jones' claim that when he asked his counsel specifically whether his no contest plea would qualify him as a sexual offender, his counsel affirmatively told him that it would not because Jones would have only one sexual battery conviction. Although sexual offender registration is a collateral consequence about which a defendant does not have to be informed, see State v. Partlow, 840 So.2d 1040 (Fla.2003), Jones may be entitled to relief if his counsel affirmatively misled him about such a collateral consequence. See Gunn v. State, 841 So.2d 629, 631 (Fla. 2d DCA 2003); Watrous v. State, 793 So.2d 6, 11 (Fla. 2d DCA 2001). The transcript of the plea hearing attached to the trial court's order reflects that Jones answered "no" when the court asked him whether anyone had promised him anything *1227 to induce his plea. However, it has been noted that there may be a difference between a "promise" and an attorney's advice to his client that impacts the client's decision in plea negotiations. See Leroux, 689 So.2d at 236-37.
Jones' negative response does not conclusively refute the claim that his plea was a product of his counsel's alleged misrepresentation that he would not qualify as a sexual offender. Nothing else in the record attached to the trial court's order conclusively refutes Jones' claim. Accordingly, we reverse on this claim and remand for an evidentiary hearing.
Affirmed in part; reversed in part; and remanded.
DAVIS and VILLANTI, JJ., concur.