WHATLEY, Judge.
The Husband, Edward Quinones, appeals the final judgment of dissolution of his marriage to Maybell Pineiros Qui-nones. He argues that the trial court abused its discretion in imputing income to him, awarding the Wife permanent periodic alimony of $1000 a month, and allowing the Wife to testify telephonically at the final hearing.
The parties were married for twenty-four years, during which time the Wife, who does not have a high school diploma, did not work. We find no abuse of discretion in the determination that the Wife was entitled to permanent periodic alimony. However, we are compelled to reverse as to the amount of alimony awarded and as to the imputation to the Husband of net income in excess of $2700 per month. The Husband testified he had a minimum gross *109 monthly income of $2040 representing a pension of $119 per month, social security of $921 per month, and income from American Eagle Mortgage of approximately $1000 per month.
In one portion of the final judgment, the trial court addressed the Husband’s income. The court correctly reflected pension income of $119 per month and social security benefits of $921 per month. However, the court also determined that the Husband had a current average gross monthly income of $2848.89 from outside employment. There is no discernable basis in this record to support current monthly income in that amount. The Husband was sixty-seven years of age at the time of the final hearing. His 2001 Internal Revenue Service tax return reflects wages, salaries, and tips of $18,748.[1] On remand, if the trial court determines that the Husband had current monthly income from outside employment in excess of the approximately $1000 he testified he earned from American Eagle Mortgage, it must make specific findings as to the source and amount of that income.
The trial court apparently did not base the alimony award upon the income figures referenced above. In fact, in a separate paragraph of the final judgment, titled “Total Income,” the court imputed income to the Husband in a net amount in excess of $2700 per month. Once again, there is an absence of specific findings to support the imputation of this income. The absence of findings prevents meaningful appellate review. See Miller v. Miller, 589 So.2d 317 (Fla. 1st DCA 1991). Additionally, in LaFlam v. LaFlam, 854 So.2d 809, 810 (Fla. 2d DCA 2003), we stated:
A court may impute income to a spouse who is earning less than she could with the use of her best efforts.
Ritter v. Ritter, 690 So.2d 1372, 1374 (Fla. 2d DCA 1997). However, there must be competent, substantial evidence supporting the conclusion that the spouse could earn the imputed amount. See Hinton v. Smith, 725 So.2d 1154, 1156 (Fla. 2d DCA 1998)....
No reversible error is present in the limited record before us as to the Wife testifying by telephone at the final hearing. However, for future proceedings, the trial court must strictly follow the dictates of Florida Rule of Judicial Administration 2.071(d)(1), which states: “A county or circuit court judge may, if all the parties consent, allow testimony to be taken through communication equipment.” See also Russell v. State, 820 So.2d 1083 (Fla. 3d DCA 2002).
Accordingly, we reverse the final judgment of dissolution as to the amount of the alimony award and as to the imputation of income to the Husband. Upon remand, if the court once again imputes income to the Husband, it must make specific findings as to the source and amount. Likewise, if the trial court determines that the Husband’s gross monthly income is in excess of $2040, it must make specific findings in that regard as well. Once these findings have been made, the amount of alimony to be awarded will also need to be readdressed and redetermined. The final judgment of dissolution is affirmed in all other respects.
Affirmed in part; reversed in part; and remanded for proceedings consistent with this opinion.
STRINGER and SILBERMAN, JJ., Concur.

. The final hearing was in May 2002.