VILLANTI, Judge.
Bradford McKune appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the post-conviction court’s denial of claim 2 without comment. We reverse the denial of claims 1(a) and 1(b) and remand for further proceedings.
McKune pleaded no contest to two first-degree felony counts of sexual activity with a minor, one first-degree misdemeanor count of domestic violence battery, and one first-degree misdemeanor count of possession of marijuana. The trial court sentenced McKune to eighteen years in prison followed by five years of sex offender probation on each of the sexual activity counts and to time served on the remaining counts.
In claim 1(a), McKune alleged that he would not have pleaded no contest and would have insisted on going to trial but for counsel’s threats to withdraw unless McKune pleaded guilty or no contest. The postconviction court primarily based its denial on the transcript of a change of plea hearing, where McKune gave “yes” and “no” answers during his plea colloquy. However, this court has repeatedly held that these types of answers are not sufficient on their own to conclusively refute claims of ineffective assistance of counsel. See Jones v. State, 846 So.2d 1224, 1226-27 (Fla. 2d DCA 2003); Smith v. State, 826 So.2d 322, 323 (Fla. 2d DCA 2002); Rivera v. State, 746 So.2d 542, 542 (Fla. 2d DCA 1999). The postconviction court also made passing reference to McKune’s prior record based upon an internet printout which it concluded also supported summary denial because this demonstrated McKune “was not wholly unfamiliar with the legal system.” However, a prior conviction or sentence of record alone cannot conclusively establish McKune understood or received an adequate plea colloquy in those cases, nor does it ipso facto conclusively establish the validity of the current plea as apparently opined by the postconviction court. Moreover, this type of information should be used for impeachment purposes at an evidentiary hearing.
In claim 1(b), McKune claimed that he would not have pleaded no contest but for counsel’s misadvice that he would face a potential “life sentence” if the case went to trial. Although McKune was not charged with a life felony and the maximum sentence for his first-degree felony was thirty years, the postconviction court based its summary denial on the cumulative prospect that McKune “was facing a possibility of a total of 62 years imprisonment if convicted at trial.... At defendant’s age [34 years], ... [this is] the equivalent of a life sentence.” While this may be a practical assessment of the potential effect of a maximum penalty if imposed, the postcon-viction court’s subjective interpretation of McKune’s reference to “life sentence” discounts any reference McKune may have meant that, here, “life” was not a legal sentencing option. Regardless, the post-conviction court cannot objectively make this assessment without attaching record documents, such as the written plea agreement which might demonstrate that McKune was in fact accurately informed of his potential sentence, or without holding an evidentiary hearing if no such record exists. Thus, the limited record before *748 this court is insufficient to conclusively refute this claim.
Accordingly, we reverse and remand for reconsideration of claims 1(a) and 1(b). On remand, the postconviction court shall either attach those portions of the record that conclusively refute McKune’s claims or conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and DAVIS, JJ., Concur.