978 So.2d 256 (2008)
Lewis BRISCOE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3962.
District Court of Appeal of Florida, Second District.
April 4, 2008.
*257 WALLACE, Judge.
Lewis Briscoe appeals the summary denial of his motion for postconviction relief filed in accordance with Florida Rule of Criminal Procedure 3.850. We affirm without comment the denial of Mr. Briscoe's claim of trial court error. We reverse the denial of Mr. Briscoe's claims of ineffective assistance of counsel and remand for further proceedings.
Mr. Briscoe raised two claims of ineffective assistance of counsel but failed to allege any prejudice resulting from his trial counsel's conduct. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The postconviction court found the claims to be legally insufficient and denied the claims.
However, the postconviction court did not have the benefit of the Supreme Court of Florida's recent decision in Spera v. State, 971 So.2d 754 (Fla.2007). In Spera, the court held that "in dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion in failing to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected." Id. at 755. There is nothing in the limited record before this court to demonstrate that Mr. Briscoe could not sufficiently allege prejudice in connection with his claims of ineffective assistance of counsel if given the opportunity to amend his motion.
Accordingly, we reverse the postconviction court's summary denial of Mr. Briscoe's claims of ineffective assistance of counsel. On remand, the postconviction court shall strike those claims with leave to amend within a specific period of time in accordance with Spera.
Affirmed in part, reversed in part, and remanded with instructions.
FULMER and CANADY, JJ., Concur.