996 So.2d 950 (2008)
Jason NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-167.
District Court of Appeal of Florida, Second District.
December 12, 2008.
*951 SILBERMAN, Judge.
Jason Nelson appeals an order that summarily denies his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Nelson raised six grounds for relief in his motion, and we affirm the summary denial of grounds three through six without discussion. We reverse the summary denial of grounds one and two and remand for the postconviction court to strike those grounds with leave to amend to file a facially sufficient motion within a reasonable time.
Nelson sought relief from his judgments and sentences for two counts of first-degree murder, two counts of kidnapping, and one count of child abuse. He entered into a negotiated plea in exchange for waiver of the death penalty. He was sentenced in accordance with the plea agreement, including consecutive life sentences on the two murder charges. In ground one of his postconviction motion, Nelson alleged that counsel was ineffective in failing to file a motion to suppress his "illegal arrest" because the police did not have probable cause. Although it is unclear from the allegations, we question whether Nelson was attempting to allege that counsel was ineffective for failing to move to suppress Nelson's statements that flowed from an arrest without probable cause. In ground two of his motion, Nelson alleged that counsel was ineffective in failing to file a motion to suppress Nelson's statements taken in violation of Miranda.[1]
The postconviction court denied both of these claims and stated that the plea transcript showed that Nelson voluntarily and intelligently entered into his guilty plea. The court attached the plea transcript and stated that the colloquy indicated that Nelson
understood that the plea was predicated upon the fact that it was being entered early in the proceedings and his attorney had not yet taken depositions or spoken with the State's witnesses. Defendant further indicated that his attorney had spoken with him about filing various motions and he realized he would have to give up or waive those motions in order to enter the plea.
The postconviction court cited to Stano v. State, 520 So.2d 278, 279 (Fla.1988), and concluded that grounds one and two were "improper attempts to go behind the plea."
In Stano, the supreme court determined that the record conclusively refuted Stano's claims that counsel had been ineffective for failure to conduct a proper investigation and that his plea was therefore involuntary. Id. at 280. The court noted that at the plea hearing, Stano's counsel advised that he had not received full discovery. However, counsel disclosed that he had asked Stano about the admissions or confessions that he made to the police. Stano assured counsel that his statements were voluntarily and intelligently made after he was warned of his rights. Counsel stated "that, therefore, there does not exist a good possibility that either of his admissions could be suppressed on a hearing." Id. The supreme court stated, "By insisting on pleading guilty and by telling counsel that he had confessed freely and voluntarily, Stano rendered any further investigation pointless." Id.
*952 In Zakrzewski v. State, 866 So.2d 688, 694 (Fla.2003), the supreme court cited to Stano for the proposition that the two-prong Strickland[2] test applies to ineffective assistance claims arising from the plea process. The court acknowledged that to establish prejudice "the defendant `must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). The Zakrzewski court also cited to Williams v. State, 717 So.2d 1066, 1066 (Fla. 2d DCA 1998), regarding an ineffectiveness claim arising from the plea process. 866 So.2d at 694. In Williams, this court stated, "A trial attorney's failure to investigate a factual defense or a defense relying on the suppression of evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction." 717 So.2d at 1066; see also Spencer v. State, 889 So.2d 868, 870 (Fla. 2d DCA 2004) ("An allegation that trial counsel provided ineffective assistance by failing to file a motion to suppress is a legally sufficient claim, which is not waived by entry of a plea.").
Neither the voluntary nature of Nelson's statements to police nor the circumstances of his arrest were specifically addressed at the plea hearing. The plea hearing did not include any discussion regarding the lack of probable cause for arrest or a potential motion to suppress statements based on a violation of Miranda. Instead, in general terms, Nelson acknowledged that counsel had discussed possible defenses and that he would have to give up or waive the filing of motions in order to enter the plea. Nelson understood that his attorney had seen the discovery that had been provided and "all the written statements and the videotape of [Nelson's] statements."
Based on the nature of Nelson's claims in grounds one and two of his motion and the circumstances as a whole, we conclude that the postconviction court erred in relying on Stano to determine that Nelson's claims were improper attempts to go behind the plea. See Jones v. State, 846 So.2d 1224, 1226 (Fla. 2d DCA 2003) (noting that a generalized plea colloquy confirming satisfaction with counsel was insufficient to refute a claim based on counsel's failure to advise of a specific defense). However, we recognize that Nelson's allegations fail to state facially sufficient claims because he did not adequately allege prejudice. In ground one, to the extent that Nelson attempted to allege that counsel should have filed a motion to suppress statements flowing from an illegal arrest, he failed to allege that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. See Zakrzewski, 866 So.2d at 694; Borders v. State, 936 So.2d 737, 738 (Fla. 2d DCA 2006). In ground two, Nelson alleged that counsel failed to file a motion to suppress his incriminating statements that were unlawfully obtained in violation of Miranda. Again, he did not allege that, but for counsel's errors, he would not have pleaded guilty and would have proceeded to trial.
Therefore, we reverse the summary denial of grounds one and two and remand for the postconviction court to strike those grounds with leave to amend to file a facially sufficient motion within a reasonable time. See Spera v. State, 971 So.2d 754, 761 (Fla.2007); Briscoe v. State, 978 So.2d 256, 257 (Fla. 2d DCA 2008).
*953 Affirmed in part, reversed in part, and remanded.
NORTHCUTT, C.J., and KELLY, J., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).