PER CURIAM.
 

 This is an appeal from an order granting appellee Golden & Cowan, P.A., et al.’s Petition to Determine Homestead entered in appellee Estate of Hilda Kosofsky’s favor in which the trial court allowed the telephonic testimony of Philip Gilbert. We affirm because the trial court did not abuse its discretion when it allowed the telephonic testimony.
 

 Golden & Cowan argue that the trial court abused its discretion when it allowed the telephonic testimony for two reasons. The first is that Golden & Cowan objected to the testimony before it was introduced. Next, the trial court allowed Philip Gilbert to testify from Israel without a notary public or any person authorized to administer an oath present.
 

 Under Florida Rule of Judicial Administration 2.530(d)(1), a judge
 
 may,
 
 if all parties consent, allow the use of telephonic testimony. Although the court considered the inconvenience of making Philip Gilbert travel from Israel to testify over a single asset, the trial court’s introduction of the telephonic testimony was improper in light of the objection Golden
 
 &
 
 Cowan raised.
 

 However, the improper introduction of the telephonic testimony constituted harmless error due to the existence of other independent evidence which would have led the trial court to reach the same conclusion.
 
 See White Constr. Co. v. Dupont,
 
 455 So.2d 1026, 1029 (Fla.1984) (holding that improperly admitted evidence constitutes harmless error, unless admitting the evidence “[h]as resulted in a miscarriage of justice.”). Here, if the trial court ordered a new trial, the court would have reached the same result finding that the property represented the homestead of the deceased. In the Petition for Determining Homestead, for example, Philip Gilbert declared that the subject property was the
 
 *988
 
 homestead of the deceased. This is the same issue that Golden & Cowan raised during Philip Gilbert’s telephonic testimony.
 

 Thus, the introduction of the telephonic testimony did not result in a miscarriage of justice. We therefore affirm.