PER CURIAM.
The trial court erred in allowing Dr. Eric Jensen to testify telephonically at the appellant’s annual review trial held pursuant to section 394.918(3), Florida *382 Statutes (2010), of the Involuntary Civil Commitment of Sexually Violent Predators Act, also known as the Jimmy Ryce Act. There was no notary or other person authorized to administer an oath present with Dr. Jensen. See Fla. R. Jud. Admin. 2.530(d)(3) (“Testimony may be taken through communication equipment only if a notary public or other person authorized to administer oaths in the witness’s jurisdiction is present with the witness and administers the oath consistent with the laws of the jurisdiction.”).
We cannot say that the error was harmless. Aside from Dr. Jensen’s testimony, there was no other evidence to support the trial court’s finding that the State proved by clear and convincing evidence that the appellant’s mental condition remained such that it was not safe for him to be at large and that, if released, he was likely to engage in acts of sexual violence. Cf. Golden & Cowan, P.A. v. Estate of Kosofsky, 45 So.3d 986 (Fla. 3d DCA 2010) (holding that the trial court’s error in allowing telephonic testimony over the appellant’s objection and in violation of rule 2.530(d)(1) was harmless due to the existence of other independent evidence which would have supported the trial court’s decision). Accordingly, we reverse and remand for a new annual review trial.
REVERSED and REMANDED.
BENTON, C.J., ROBERTS, and RAY, JJ., concur.