DAMOORGIAN, J.
Kevin Earl Cartwright, pro se, appeals the trial court’s order denying his motion to withdraw his plea of guilty to second degree murder and first degree attempted murder. In his brief, Appellant raised a litany of “grounds” for appeal, which we have condensed to the following arguments: 1) the court did not take into account Appellant’s mental state when accepting his plea; 2) Appellant was coerced into entering the plea because he was denied adequate representation by counsel and a fair trial by the court; and 3) Appel *584 lant was coerced into entering the plea by-threat of counsel. Having conducted a careful and thorough review of the entire record, we hold that each of Appellant’s claims, is conclusively refuted by the record, and affirm the trial court’s order.
A trial court’s denial of a motion to withdraw plea is reviewed for an abuse of discretion. Thompson v. State, 50 So.3d 1208, 1210 (Fla. 4th DCA 2010). When a defendant files a motion to withdraw his plea after sentencing, he has the burden to prove that “ ‘a manifest injustice has occurred.’ ” Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003) (quoting LeDuc v. State, 415 So.2d 721, 722 (Fla.1982)), Appellant has not met this burden.
First, Appellant’s claim that the trial court failed to take into account his mental state before accepting his plea is contradicted by the record. The court had an expert evaluate Appellant for competency and that expert determined Appellant was competent to proceed to trial. Further, before beginning the plea colloquy, the court expressly asked Appellant if any mental illness was affecting his ability to understand his plea, to which Appellant responded: “No.” Appellant also signed a statement in his plea form representing that “I am not physically or mentally impaired at this time.” See Gillis v. State, 807 So.2d 204, 206 (Fla. 5th DCA 2002) (record refuted defendant’s claim that he was denied effective assistance of counsel on the basis that the court failed to investigate his mental competence before allowing him to plead guilty because the plea form contained a signed statement that defendant did not suffer from any physical or mental disability preventing him from understanding the plea).
Appellant’s claim that he was denied adequate representation is also refuted by the record. Indeed, the record reflects that Appellant engaged in a pattern of requesting a Nelson hearing and firing and re-hiring his court appointed counsel whenever he felt. The record also reflects that the trial court was more than patient with Appellant’s demands, holding five separate Nelson hearings, and allowing Appellant to fire his court appointed public defender and obtain new counsel from the regional conflict office. Appellant’s contention seems to be with the fact that the court refused to appoint him new counsel for the third time after finding that counsel from the regional conflict office was providing competent representation. This is not a basis for withdrawing his plea. It is well settled that “if a trial court decides that court-appointed counsel is providing adequate representation, the court does not violate an indigent defendant’s Sixth Amendment rights if it requires him to keep the original court-appointed lawyer or represent himself.” Weaver v. State, 894 So.2d 178, 188 (Fla.2004) It follows that a defendant who enters a plea after the court holds a Nelson hearing and finds that counsel is competent is not “coerced” into entering the plea just because the court refuses to appoint new counsel. Woodly v. State, 937 So.2d 193, 196-97 (Fla. 4th DCA 2006).
 Finally, Appellant’s claim that he was coerced into entering his plea by threat of counsel is also conclusively refuted by the record. Under Florida law, a defendant’s claim that his plea was the result of coercion by defense counsel may be conclusively refuted by the defendant’s responses during plea colloquy and the signed plea form. Williams v. State, 919 So.2d 645, 646 (Fla. 4th DCA 2006). The record reflects that the court engaged in a thorough plea colloquy with Appellant, in which Appellant represented that he understood the parameters of the plea, that no one had threatened or coerced him into *585 entering a plea, that no one had promised him anything, and that no one had misad-vised him or made any misrepresentations to him. Thus, the record refutes Appellant’s claim that his plea was coerced.

Affirmed.

CIKLIN and LEVINE, JJ., concur.