NORTHCUTT, Judge.
In 2010, John Hayes pleaded guilty to delivery of cocaine and possession of cocaine and was sentenced to forty-eight months in prison. He thereafter filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. He now appeals the summary denial of that motion. We affirm the denial of ground two of Hayes’ motion without corn *641 ment. We reverse the denial of ground one and remand for further proceedings.
In ground one, Hayes claimed that his attorney was ineffective for misinforming him about the availability of an entrapment defense and for failing to pursue that defense. He alleged that but for counsel’s omission, he would not have pleaded and would have gone to trial. The postconviction court found that ground one was conclusively refuted by Hayes’ plea colloquy.
The transcript of the plea colloquy reflects that when asked by the trial court if he was satisfied with his attorney’s services, Hayes answered “yes.” Hayes also answered “no” when asked if there were any other witnesses he wanted counsel to contact or any discovery or investigation he wanted counsel to conduct prior to entering the plea. But acknowledgements and answers of that general nature did not conclusively refute Hayes’ allegation of ineffective assistance based on his counsel’s failure to pursue a specific defense. See Zanchez v. State, 84 So.3d 466, 468 (Fla. 2d DCA 2012) (holding that “a generalized discussion of the motions or defenses that were being waived” did not preclude a claim of ineffective assistance of counsel for failing to move to suppress evidence); Nelson v. State, 996 So.2d 950, 952 (Fla. 2d DCA 2008) (holding that the defendant’s general acknowledgments at the plea colloquy did not establish that his claim of ineffective assistance of counsel for failure to move to suppress statements was an attempt to go behind the plea). The trial court did not ask Hayes specifically whether his attorney had discussed entrapment as a defense, and therefore his postconviction claim was not refuted by the transcript of the plea colloquy. See Jones v. State, 846 So.2d 1224, 1226 (Fla. 2d DCA 2003) (“Because the matter at issue was not discussed when the plea was taken, the plea colloquy does not refute the claim.... ”).
Accordingly, we reverse the denial of ground one and remand to the postconviction court to revisit it. We encourage the court to expedite its proceeding on remand, as Hayes’ term of imprisonment may soon expire. Should the postconviction court again determine that it should summarily deny this claim, it shall attach those portions of the trial court record that conclusively refute the allegation. Otherwise, the court shall conduct an evidentia-ry hearing.
Affirmed in part, reversed in part, and remanded.
CRENSHAW and SLEET, JJ, Concur.