ROTHENBERG, J.
The defendant, Jose Rivero, appeals from the denial of his rule 3.850 motion for postconviction relief, in which he claims that: (1) he was pressured into accepting the State’s plea offer because his lawyer had lost his “case file”; and (2) he had obtained newly discovered evidence that would have resulted in an acquittal had he proceeded to trial. Because the plea transcript unequivocally refutes the defendant’s first claim, and the evidence the defendant relies on is not newly discovered evidence or evidence that would likely produce an acquittal, the defendant’s motion *1177 should have been summarily denied. We, therefore, affirm the trial court’s order denying the defendant relief.
The defendant seeks a reversal of the trial court’s order denying his motion for postconviction relief on the basis of a procedural error committed by the trial court when it conducted an unnecessary eviden-tiary hearing, which produced further proof refuting the defendant’s claims. Although it was error to allow the defendant’s trial counsel to testify by telephone over the defendant’s objection at the evi-dentiary hearing, see Fla. R. Jud. Admin. 2.530(d)(1), (permitting testimony by telephone only if all parties consent), because no further proof was necessary and the defendant’s allegations were unequivocally refuted without reliance on the telephoni-cally obtained testimony, the error in this case was clearly harmless.
Specifically, the defendant was charged with burglary with an assault and/or a battery, two counts of battery, and criminal mischief, and he was facing a potential life sentence if convicted of burglary with an assault or battery. The State alleged that, in violation of a domestic violence injunction stay-away order, the defendant drove to the victim’s home, saw her kissing another man, and when the victim would not open the door, the defendant kicked the door in, fought with the man he saw kissing the victim, and slapped the victim. The defendant does not dispute that he kicked the door in and fought with the male occupant. He only disputes that he slapped the victim. The plea offered by the State, and accepted by the defendant was a plea of guilty to the charges, a withhold of adjudication, six months of community control, followed by thirty months of probation, with several special conditions, including a stay-away order from the victims, and completion of a domestic violence program.
The relevant portions of the plea colloquy are as follows:
Court: Have you had sufficient opportunity of discussing this case with your attorney and are you satisfied with your attorney’s services?
Defendant: Yes, I am.
[[Image here]]
Court: Is anyone putting pressure upon you or forcing you to accept this plea today?
Defendant: No.
Court: Are you pleading guilty because you are guilty and for no other reason?
Defendant: Yes.
[[Image here]]
Court: Do you believe this plea is in your best interest?
Defendant: Yes.
[[Image here]]
Court: The Court finds a factual basis. I find that you are alert and intelligent, that you understand the nature and consequences of your plea and that you are represented by good and competent counsel which whom you say you are satisfied. I find that you are entering into this plea freely and voluntarily. I accept your plea of guilty.
(emphasis added).
Thus, the defendant’s claim that he was coerced or pressured to accept the State’s very lenient plea offer, which resulted in his immediate release from jail,[1] was unequivocally refuted by the record, and the defendant’s first claim should have been *1178 summarily denied. See Cartwright v. State, 112 So.3d 582, 584 (Fla. 4th DCA 2018). In Cartwright, the Fourth District recognized that:
Under Florida law, a defendant’s claim that his plea was the result of coercion by defense counsel may be conclusively refuted by the defendant’s responses during plea colloquy and the signed plea form. Williams v. State, 919 So.2d 645, 646 (Fla. 4th DCA 2006). The record reflects that the court engaged in a thorough plea colloquy with Appellant, in which Appellant represented that he understood the parameters of the plea, that no one had threatened or coerced him into entering a plea, that no one had promised him anything, and that no one had misadvised him or made any misrepresentations to him. Thus the record refutes Appellant’s claim that his plea was coerced.
See also Alfred v. State, 71 So.3d 138, 139 (Fla. 4th DCA 2011) (“A defendant is bound by his sworn answers during a plea colloquy and cannot later disavow those answers by asserting that he lied during the colloquy at counsel’s direction.”); Davis v. State, 938 So.2d 555, 557 (Fla. 1st DCA 2006) (“In the instant case, the appellant clearly states on record that he was satisfied with his attorney’s services. Thus, he cannot now assert that at the time of the plea’s entry he had serious doubts about his attorney’s effectiveness.”); Rackley v. State, 571 So.2d 533, 535 (Fla. 1st DCA 1990) (affirming summary denial of the defendant’s rule 3.850 claim of coercion and noting that on numerous occasions the court had rejected similar claims in other eases alleging ineffective assistance of counsel or coercion where oral or written statements made by the defendant at sentencing were to the contrary, and that Rackley’s written plea contained statements that he had not been coerced into entering his guilty plea and that he was satisfied with the services of his attorney, thus refuting his claim of coercion); Loconte v. State, 382 So.2d 26, 26 (Fla. 1st DCA 1979) (affirming summary denial of Loconte’s motion to set aside his plea, which he claimed was the result of coercion and promises, where there was a direct denial of coercion and promises by Loconte during his plea colloquy).
Because the defendant in the instant case clearly stated under oath during his plea colloquy that he was satisfied with the services of his attorney, he was not being pressured or coerced to accept the State’s offered plea, and he was pleading guilty because he was guilty and for no other reason, he cannot now claim that his plea was the product of coercion. Thus, the defendant’s claim of coercion should have been summarily denied.
Although the trial court erred in allowing the defendant’s trial counsel to testify telephonically at the unnecessary evidentiary hearing over the defendant’s objection, this error was harmless beyond a reasonable doubt where trial counsel’s testimony only provided additional evidence to refute the defendant’s claims. See Golden & Cowan, P.A. v. Estate of Kosofsky, 45 So.3d 986, 987-88 (Fla. 3d DCA 2010) (holding that the trial court’s error in allowing telephonic testimony over the appellant’s objection and in violation of rule 2.530(d)(1) was harmless due to the existence of other independent evidence which would have supported the trial court’s decision); S.A. v. Dep’t of Children & Family Servs., 961 So.2d 1066, 1067 (Fla. 3d DCA 2007) (telephonic testimony permitted over mother’s objection in dependency hearing held to be harmless error because even if the telephonic testimony was excluded, there was other evidence supporting the trial court’s ruling); Qui *1179 nones v. Quinones, 870 So.2d 108, 109 (Fla. 2d DCA 2003) (finding no reversible error where the wife in a dissolution of marriage proceeding was permitted, over objection, to testify telephonically).
We additionally reject the defendant’s second claim of “newly discovered evidence.” The “newly discovered evidence,” which the defendant claims entitles him to set aside his plea, is the female victim’s later recantation of her prior sworn testimony that the defendant slapped her after he kicked in the door of her house. This evidence was not only impeachable by the female victim’s prior sworn testimony and statements to the police, it would not have played any meaningful role if the defendant had proceeded to trial. The defendant admitted to kicking in the door, entering the house by force, and getting into a physical fight with the male victim. These acts constitute a burglary with an assault and/or a battery. Thus, the defendant has failed to meet his burden to establish the prejudice prong under Strickland, v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Accordingly, we affirm the trial court’s order denying the defendant’s motion for posteonviction relief.
Affirmed.
WELLS, J., concurs.

. The defendant had been denied bail after a bond hearing was conducted by the trial court based on the defendant's violation of a prior court order prohibiting the defendant from having any contact with the victim.