SCHWARTZ, Senior Judge
(dissenting in part).
I disagree with the court’s affirmance of the rejection of appellant’s Florida Rule of Criminal Procedure 3.850 claim of ineffective assistance of counsel, which was based upon the contention that he had no choice but to plead guilty because his trial lawyer had lost his file, including an allegedly exculpatory tape, and the lawyer was therefore unable to effectively defend him. Trial counsel, who was the state’s only witness on this issue, was permitted to present testimony directly contrary to the defendant’s — that the file was not lost — by telephone without the defendant’s consent and indeed over his specific objections. There is no doubt that this is contrary to Florida Rule of Judicial Administration 2.540(d)(1). See Brown v. State, 101 So.3d 381 (Fla. 1st DCA 2012); Cole v. Cole, 86 So.3d 1175 (Fla. 5th DCA 2012); M.S. v. Dep’t of Children & Families, 6 So.3d 102 (Fla. 4th DCA 2009).
The majority bases affirmance upon the ground of harmless error. I believe that this basis for affirmance, which was not raised by the state or the trial court at any stage of the proceedings below or on appeal, is incorrect.[2] The majority primarily contends that the specific claim of ineffectiveness presented by the defendant was conclusively negated — obviating the necessity of an evidentiary hearing at all — by the colloquy at which the plea was tendered and accepted by the defendant, in which the following occurred:
Court: Have you had sufficient opportunity of discussing this case with your attorney and are you satisfied with your attorney’s services?
Defendant: Yes, I am.
[[Image here]]
Court: Is anyone putting pressure upon you or forcing you to accept this plea today?
Defendant: No.
Court: Are you pleading guilty because you are guilty and for no other reason? Defendant: Yes.
While it is true that generalized allegations of “coercion” and the like may be *1180 negated by answers like these during the plea-taking process, see Cartwright v. State, 112 So.3d 582 (Fla. 4th DCA 2018), this is emphatically not the case when, as here, claims of specific instances of attorney incapacity or ineffectiveness are alleged and demonstrated below. See Hayes v. State, 120 So.3d 640 (Fla. 2d DCA 2013) (holding that general acknowl-edgements of satisfaction with counsel do not conclusively refute claims of ineffective assistance of counsel based on a failure to pursue specific defense); Jones v. State, 846 So.2d 1224 (Fla. 2d DCA 2003) (same); see also Nelson v. State, 996 So.2d 950 (Fla. 2d DCA 2008); McKune v. State, 953 So.2d 746 (Fla. 2d DCA 2007). In my judgment, these decisions, rather than the ones cited by the court, are controlling on this issue.
The court also finds a basis for harmlessness on the claim that the challenged testimony was merely cumulative. Again, this is not the case. There was no testimony whatsoever concerning the allegedly lost file and the attendant circumstances except for the lawyer’s erroneously admitted telephonic testimony, which was, in turn, the only basis for the trial judge’s rejection of the defendant’s position. As it said:
This Court finds that the July 24, 2006, hearing testimony of trial counsel, Raphael Ubieta, completely refutes this claim of the defendant. The defendant alleges that defense counsel lost his case file, however, the testimonial evidence, clearly refutes this claim. Throughout the hearing, Mr. Ubieta was asked more than once if he had misplaced the defendant’s case file, each time, Mr. Ubieta unequivocally responded, he had the file, it was not lost, and he was ready to go to trial if need be. When Mr. Ubieta was asked whether he was prepared to try the case, Mr. Ubieta responded in the affirmative. This Court finds the hearing testimony of Mr. Ubieta credible and compelling.
Since the lawyer’s testimony on the critical issue in the case was directly contrary to that of the defendant and was accepted by the trial court, and — perhaps most important — because I believe that we cannot find that the violation of the rules was harmless, see Brown, 101 So.3d at 382 (holding that the trial court’s error in allowing telephonic testimony in violation Florida Rule of Judicial Administration 2.530 was not harmless absent any other evidence to support the trial court’s finding), I would therefore remand the cause for the conduct of a new evidentiary hearing on the ineffective assistance issue. See Brown, 101 So.3d at 381; Cole, 86 So.3d at 1175; M.S., 6 So.3d at 102. I agree with the court’s disposition of the “newly discovered evidence” point.

. We have been unable to discover a prior instance of reversal on the bases assigned by the majority after a hearing on the merits has already been conducted.