PER CURIAM.
Mark Morgan appeals the postconviction court order summarily denying his motion filed under Florida Rule of Criminal Procedure 3.850. Because the postconviction court failed to attach portions of the record conclusively refuting Morgan’s claim, we reverse and remand for the court to attach the relevant portions or hold an evidentia-ry hearing.
On June 1, 2010, Morgan pleaded no contest to two counts of burglary of an unoccupied structure, two counts of grand theft, one count of criminal mischief, one count of possession of burglary tools, and two counts of trafficking in illegal drugs. The trial court sentenced him to fifteen years’ imprisonment followed by ten years’ probation for the trafficking charges and five years’ imprisonment on the other charges, all terms to be served concurrently-
In his motion, Morgan alleged that counsel told him the State had offered an eight-year prison sentence but that counsel had rejected the offer because he was sure the prosecutor would make a better offer. Morgan asserted that he would have accepted the plea offer but counsel’s actions caused the offer to lapse and Morgan was forced to take a plea offer with a harsher sentence.
The postconviction court found that Morgan’s claim was conclusively refuted by the record of Morgan’s plea colloquy, which it attached to its order. During the colloquy, Morgan was informed of the fifteen-year sentence he would receive under the plea, he was advised of the rights he was giving up, and he stated he was satisfied with the work done for him by counsel.
We conclude that the plea colloquy is insufficient to refute Morgan’s claim because it does not indicate that the trial court addressed this specific issue with Morgan. See, e.g., Reyna v. State, 18 So.3d 1131, 1133 (Fla. 2d DCA 2009) (“[Njothing within the limited record before this court demonstrates that counsel, before the rejection of the State’s plea offer, informed Mr. Reyna that jail credit would offset the length of incarceration offered by the State.”); Ely v. State, 13 So.3d 167, 169 (Fla. 2d DCA 2009) (reversing and remanding where plea colloquy merely indicated defendant was advised of the maximum possible sentence but did not address defendant’s specific claim that counsel told him he would only receive probation); Nelson v. State, 996 So.2d 950, 952 (Fla. 2d DCA 2008) (reversing post-conviction court’s denial of claim that counsel was ineffective for failing to file a motion to suppress where transcript of plea colloquy did not specifically address the voluntary nature of defendant’s statements to police or the circumstances of his arrest); Jones v. State, 846 So.2d 1224, 1226 (Fla. 2d DCA 2003) (noting that a generalized plea colloquy confirming satisfaction with counsel was insufficient to refute a claim based on counsel’s failure to advise of a specific defense).
Accordingly, we reverse and remand for the postconviction court to attach portions of the record that conclusively refute Mor *887 gan’s claim or hold an evidentiary hearing on the matter.
Reversed and remanded.
LaROSE, CRENSHAW, and SLEET, JJ., Concur.