IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVID J. PRESTANO,

      Appellant,

 v.                                                                                    Case No.  5D16-2500

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 17, 2017

3.850 Appeal from the Circuit
Court for Brevard County,
Jeffrey Mahl, Judge.

David J. Prestano, Wewahitchka, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison Leigh Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

     David J. Prestano appeals the summary denial of his motion for postconviction

relief filed under Florida Rule of Criminal Procedure 3.850. Prestano's motion presented

eight grounds for relief. We affirm the summary denial of each ground except for ground

two—Prestano's allegation that his counsel misadvised him as to the potential of his

defense. Because the record on appeal does not conclusively refute this claim, we

remand for further proceedings.

Prestano pleaded no contest to one count of leaving the scene of an accident that resulted in death (Count I), one count of DUI manslaughter (Count II), and one count of driving while license suspended (Count III). In ground one of his motion for postconviction relief, Prestano argued that his convictions for both DUI manslaughter and leaving the scene of an accident that resulted in death violated the prohibition against double jeopardy. He asserts that State v. Cooper, 634 So. 2d 1074 (Fla. 1994), and State v. Chapman, 625 So. 2d 838 (Fla. 1993), forbid the use of a single death to "enhance the degree" of two crimes. Prestano urges that in this case, the death from the manslaughter was unlawfully used to "enhance" the leaving the scene of the accident charge. We disagree.

Where a defendant is convicted of DUI manslaughter and a non-homicide traffic offense that does not require proof that the defendant caused a death, Cooper and Chapman do not apply and double jeopardy is not violated unless the offender's failure to render aid is used to enhance the DUI from a second-degree felony to a first-degree felony. See Ivey v. State, 47 So. 3d 908, 911 (Fla. 3d DCA 2010) ("There is no double jeopardy prohibition against convictions for both DUI manslaughter and leaving the scene of a fatal accident." (citing Kelly v. State, 987 So. 2d 1237 (Fla. 2d DCA 2008))). Prestano pleaded no contest to second-degree DUI manslaughter, an unmodified homicide offense, and leaving the scene of an accident that resulted in death, a non-homicide traffic offense. Accordingly, his convictions do not violate double jeopardy.

In ground two of his postconviction motion, Prestano alleged that he wanted to plead guilty on Count II and proceed to trial on Count I, but that his counsel misadvised

2

him that his defense for Count I was not viable. Prestano further alleged that but for his counsel's ineffectiveness, he would have proceeded to trial on Count I and prevailed.[1]

In denying ground two, the trial court relied on Prestano's general waiver of all defenses during his plea colloquy. A general waiver of defenses, however, does not conclusively show that Prestano was not misadvised as to the legal sufficiency of his defense. See Hayes v. State, 120 So. 3d 640, 640–41 (Fla. 2d DCA 2013). Accordingly, we remand for the trial court to either attach portions of the record conclusively refuting this allegation or to conduct an evidentiary hearing on ground two. We find no merit in Prestano's remaining claims for relief.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

COHEN, C.J., EDWARDS, J. and JACOBUS, B. W., Senior Judge, concur.

---

[1] Prestano wished to claim lack of mental capacity, which could be a valid defense to the crime of leaving the scene. See § 316.027(1)(b), Fla. Stat. (2012); Martin v. State, 323 So. 2d 666, 667 (Fla. 3d DCA 1975).