# Third District Court of Appeal

## State of Florida

Opinion filed September 21, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0971
Lower Tribunal No. F17-10013
_____

**Marvisha McGregor,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before LOGUE, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Marvisha McGregor, challenges the trial court's summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  In her motion, appellant alleged her attorney failed to apprise her of a possible defense and that had she been aware of the defense, she would not have entered a plea of guilty.  On appeal, she contends the attachments to the court's order do not refute her allegations.  We agree.  Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing.  See Jacobson v. State, 171 So. 3d 188, 191 (Fla. 4th DCA 2015) ("A claim of ineffective assistance of counsel for failure to advise a defendant of a potential defense can state a valid claim if the defendant was unaware of the defense and can establish that a reasonable possibility exists that he would not have entered his plea if properly advised."); see also Curry v. State, 333 So. 3d 359, 360 (Fla. 3d DCA 2022) (finding claim of ineffective assistance of counsel raised in motion for postconviction relief legally sufficient and unrefuted by record evidence, meriting evidentiary hearing); Prestano v. State, 210 So. 3d 772, 774 (Fla. 5th DCA 2017) (reversing denial of motion for postconviction relief where trial court relied on record evidence that did not refute allegation of ineffective counsel).

Reversed and remanded.